———o———

No. 3872.

(Court of Appeal, Parish of Orleans.)

P. A. BACAS, Agent, vs. WIDOW J. MANDOT.

1. When a lessor, month after month, has, without objection or protest, accepted the rental a few days after the date of maturity of

the rent notes, he cannot, without previous notice to his tenant, claim a forfeiture of the lease.

2. "Parties to a contract may, by subsequent conduct in their mode of dealing with each other, under it, modify its terms or waive its conditions, expressly or tacitly."

Appeal from Civil District Court, Division "A."

Emile Pomes, Plaintiff and Appellant.

Merrick Lewis & Gensler, Defendant and Appellee.

ESTOPINAL, J.    Plaintiff in his capacity of agent, sued the defendant for the possession of the premises No. 814 Poydras street.   The lease is evidenced by a contract showing the same to be for the term and period of twenty-four months, from the first day of January, 1905, and ending on the 31st day of December, 1905.   The defendant signed and gave twenty-four rent notes each payable on the last day of every month at the Branch State National Bank.

The contract of lease further provides that "all repairs are to be made by the lessee at her own expense."

Plaintiff complains that the defendant defaulted and violated the contract by failure to pay the note for the month of September, 1905, on the day that the same was due, and that she failed to make certain repairs on the premises covered by the terms of the lease and prays that she be condemned to deliver to him the premises above referred to.   The defendant answered denying that she was in default in the payment of rent for September, 1905, which she paid prior to the institution of this suit October 9th, 1905, and that she was not indebted in any amount to plaintiff for rent; that plaintiff, notwithstanding the terms of the lease relative to time of payment, the last day of the month, had without protest or complaint tacitly consented and did receive the rent from her a few days after the notes became due and that plaintiff by reason of the custom or practice which he had countenanced was estopped from claiming a default.

There was judgment in the District Court in favor of the defendant from which plaintiff now appeals.

Counsel for plaintiff in oral argument having announced to

this Court that the ground urged "of failure on the part of the lessee to make certain repairs, was abandoned, we are concerned simply with the question of the alleged violation of the contract of lease by reason of the payment of the rent on the day due fixed.

The record discloses that it had been customary for the defendant to pay her rent a few days after it became due each month and that she was never complained to by defendant.

It shows further that these proceedings would not now occupy our attention were it not for the assertion of the part of defendant of what she conceived to be her just due.

The premises being in need of repairs, the testimony shows, defendant wrote to plaintiff saying that unless these repairs were made without delay, that she would institute legal proceedings against him.

Counsel for plaintiff plainly admits that though his client had been kind and indulgent to defendant the latter failing to reciprocate this kindly feeling and treatment was entitled to no consideration at plaintiff's hands.

From a sentimental standpoint this position must be admitted to be very strong but since we must eschew all questions at sentiment in determining this case, these should be at once dismissed.

In able and elaborate opinion our distinguished brother of the District Court reviews the facts and interprets the law as applicable to this case and we fully concur with him in his conclusions on both and adopt his opinion as that of this Court. It is as follows:

"The principles of law which I find applicable to this case may be formulated as follows:

There can be no doubt, as a general rule the failure of the lessee to pay the full amount of the rent due by the contract on the date it becomes due, gives the lessor the right to have the lease dissolved. It is equally true that the Judge who is appealed to to declare the dissolution, has no power to grant any delay but must decree the lease dissolved, and eject the tenant. (Civil Code 2712-2729 and 31 An. 67). While this is a general

326

rule, there are .other principles equally well established, which must be considered under the facts and issues here. These are,

First: The failure to pay money, due under a contract, is a passive violation of the contract; for the obligee to avail of such passive violation, either by a demand for dissolution or for damages, he must put the obligor in mora.

Second: Parties to a contract may, by subsequent conduct in their mode of dealings with each other under it, modify its terms or waive its conditions, expressly or tacitly.

Third: If, under the contract, money is to be paid in installments, at fixed dates, the obligee has the right to require strict compliance, and, in default of this, rescission or dissolution; but if the obligee do not so insist, and from time to time, without objection or protest, receive the installments after they have become due, this will be, pro tanto, a waiver or a modification of the contract to that extent, unless the obligee notify the obligor that in future payment at maturity will be strictly required.

Fourth: If the obligor thus repeatedly acts, without objection or protest from the obligee, from time to time, that is, if the obligee receive the installments, days after the date of maturity, the obligor has the right to assume that said obligee will not insist on payment of the next maturing installment at strict maturity; in the absence of notice, in advance that he will so insist.

Under such conditions, the obligee must give notice that he will thereafter so insist on payment at maturity and put the obligor in default; and if he fail to do so seasonably, and the obligor, relying on the past conduct of the obligee, fails to pay the rent on next installment at maturity, the obligee will be equitably estopped from demanding the dissolution or damages, provided the payment be made, as has been usual, shortly after the maturity.

While the Judge, under our law, could grant no extention, the obligee can, by implied waiver, resulting from the contract, be held to have granted it under the conditions above stated.

327

The facts shown in this case are as follows:

The rent notes were due each month on the last day of the month, but, without protest or objection, the plaintiffs lessor, had received the monthly rent a few days after it had matured, and this, during almost the entire course of the lease.

The husband of the defendant, lessee, had been plaintiff's tenant for near twenty years, and at his death the defendant became the lessee. The plaintiff, almost every month of the lease, had received from her the monthly rent when paid at a few days after it had become due. When the rent for September, of this year, became due, on the last day of that month, the defendant did not pay, and on the 5th of October, 1905, without any previous notice, or putting in mora, the plaintiff notified the defendant to vacate the premises. This notice was served October 5th at 3:35 p. m. He did not then offer to return to the defendant the unmatured notes in his hands nor has he done so during these proceedings nor had he notified her that he would exact payment at maturity. The defendant attempted to pay the notes then due at the bank where she had usually paid them, but plaintiff had withdrawn them from the bank, and then defendant sought the plaintiff and offered him the amount of rent due, which, after some objection and delay, was received by plaintiff on October 7th, under protest, and with reservation of his rights to cancel the lease.

On October 19th, 1905, he brought this suit to eject this defendant from the premises, and end the lease.

His cause of action is the defendant's failing to pay the September rent at maturity and her failure to make certain repairs to the premises. The special repairs for alleged failure to make which the plaintiff sues, as set forth at the beginning of defendant's notes of testimony, are the gallery in front of said building, the back gallery, the doors and the flooring of said building.

The defendant excepted and answered, alleging plaintiff's failure in his duty to make repairs due by him as lessor; also, that he had, during the lease, received usually, the rent a few days after maturity, and had thus led defendant to believe that he would not insist on payment exactly at maturity, but would

328

be content if payment were reasonably made thereafter, and that on the faith of this conduct and without any amicable demand or notice to the contrary, she had neglected to pay on September 30th the rent then due; that she did pay said rent thereafter and owes plaintiff no rent and that, as a result of all this the plaintiff is equitably and legally estopped. On these issues the case was tried.

The facts as to the payment of the rent I have already stated. As to repairs referred to by plaintiff as cause for cancelling the lease, the weight of the evidence is as to the gallery and the floor, that their condition is so rotten and decayed that they cannot be repaired. The evidence seems to me positive that they require total reconstruction.

As to the repairs due by defendant, the proof shows that she has fixed one of the floors, but the others are beyond repair, and also of the gallery. As to the other things alleged by plaintiff, I find no satisfactory evidence that the defendant has failed in any duty as lessee in regard to the repairs. The proof seems to be that she has made a floor in the front of the building; that she has repaired the windows, plastering and has made other general repairs which seem to fulfil the measure of her obligation. Under the lease, it is stated that the defendant was to make all repairs, but I do not find under the law, that reconstructions, or the making of entire new parts of a building which have become insusceptible of repairs, by reason of time and decay such as the gallery or floors, or roofs are included in the term "repairs."

The proof, I may say, shows that the roof is at this time insufficient and generally indicates that the plaintiff has not fulfilled his obligations as lessor. To say the most of it, the house with the exception of the galleries and floor which need reconstruction, and the sinking wall resulting from the erection of telephone building near it, seems to be in quite as good a condition as when the defendant received it.

On this statement and showing, as I think, on the issues of repairs due respectively by the parties, it seems to me that plaintiff is in greater fault than the defendant, and if he has

failed in his duty, as a party to the contract, he is in no position to demand the ejectment of the defendant, on the theory that she may have failed to make ordinary repairs. But as a fact I do not find that the defendant has failed to make the repairs that were incumbent upon her. The principles of law applied to the facts which I have stated, in regard to the usual course of dealing in the matter of payment at the monthly rent at maturity or shortly after maturity, it seems to me estopped the plaintiff from claiming the ejectment of the defendant on this ground. After this case had been closed, defendant offered to prove that she had paid to the plaintiff the amount of the October rent and that plaintiff had received it, but under full reservation of his right or action in this case, and that she owed him nothing in the way of rent, but on plaintiff's objection I ruled out this evidence, the defendant reserving a bill of exception and annexing the paid note as a part of the bill. I find, however, in the testimony that the evidence of the defendant was received showing this fact so that it seems that up to date defendant has paid all rent due under the contract. The contract cited by the defendant counsel in support of the estoppel plea against the plaintiff, seems to me conclusive. They are found in the brief and need not be repeated.

Under the law and the evidence I think that plaintiff has failed to make good his demand for the ejectment of the defendant.

The defendant claims ten dollars for installing filters and asks that plaintiff be ordered to make the leased premises suitable to live and do business in. I think this demand must be remitted to another form of action and cannot be granted in this summary proceedings.

A judgment in accordance with these views has this day been entered. For these reasons the judgment appealed from is affirmed.